[No. 12845. Department One. June 21, 1916.]

THE CITY OF SPOKANE, *Appellant*, v. GREAT NORTHERN RAILWAY COMPANY et al., *Respondents*.[1]

HIGHWAYS—ESTABLISHMENT—USER.    A permissive use by the public of a private way, lacking in the elements of use under a claim of right and of use adverse to the owners, does not ripen into a public right, no matter how long the use may have continued.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered December 1, 1914, in favor of the defendants, in an action to recover land as a public highway. Affirmed.

*Wm. E. Richardson, Ernest E. Sargeant,* and *Dale D. Drain,* for appellant.

*Charles S. Albert* and *Thomas Balmer,* for respondent Great Northern Railway Company.

*Post, Avery & Higgins,* for respondent Washington Water Power Company.

FULLERTON, J.—In this action the city of Spokane seeks to have a certain tract of land adjudged to be a public high-

[1]Reported in 158 Pac. 244.

way. The tract consists of a parcel of land seventy-five feet wide and about one hundred and fifty feet long lying westerly of Howard street, and between that street and the eastern terminal of Mallon street, both being public streets of the city named. The city relied for recovery on adverse user for the period of the statute of limitations, averring in its complaint title in itself by reason of such user, and an adverse claim thereto made by the defendants the Washington Water Power Company and the Great Northern Railway Company. The companies named, in their answer to the complaint, denied the title of the city and set up affirmatively title in themselves. After a trial on the issues framed, the court adjudged the property to be the property of the defendants, further adjudging that neither the city nor the public had any right, interest, title, or estate therein. The city appeals.

The facts as we read the record are not seriously in dispute. The tract in question, while within the boundaries of the city of Spokane, has never been platted or dedicated as a street, nor was a highway ever established over it by any of the means provided for the establishment of highways by the statutes of the state. The legal title to the tract since its patent by the government has been held in private ownership. It now forms a part of two larger tracts, the title to one of which is in the Washington Water Power Company, and the title to the other in the Great Northern Railway Company, each of which holds by mesne conveyances from the government patentee. Each of these companies use the part owned by it in the prosecution of its general business; the Great Northern Railway Company as a right of way for certain of its terminal tracks, and the Washington Water Power Company for the same purpose, and also as right of way leading from the public streets named to certain flouring mills which it has constructed near the tract, and which it leases to corporations engaged in the manufacture of flour; the buildings and their surroundings occupying all of

the space on the south side of the disputed tract between the streets named.

The earliest use of any part of the tract as a public way was made by persons freighting from Spokane north to the Colville country between the years 1881 and 1885. A new bridge had been constructed over the Spokane river about that time, and the way across the tract furnished a more convenient route from the bridge to the highway leading to the country named than the established ways afforded. But no one then claimed the way to be a public way. It was used merely because the then owner of the property did not see fit to prohibit its use. The road itself, moreover, has long since been obliterated. It can be traced now only indefinitely and by reference to natural monuments. At no point is it now open unless it be for a short distance on the tract in question.

The first of the flouring mills mentioned was originally constructed in 1887. At this time a way was opened from the terminal of Mallon street to the mill for the use of the builders and the patrons of the mill. The mill building faced the old traveled way, and some use of the newly opened way with the old way was made by the public. The mill first built was destroyed by fire and rebuilt in 1892. It was destroyed a second time and rebuilt in 1902, and for the third time in 1909, and rebuilt in the following spring months. The last building was constructed some thirty feet farther north than the earlier buildings and covered practically all of the remaining portion of the old traveled way. After the completion of the last building, a way was opened by the builders between the two streets named for the use of this mill and the other mill mentioned which was constructed to the west of the earlier one. This way has since been used and is now used by such of the public as have occasion to pass between the streets named. The use, however, has never been exclusive. The mills in question do an extensive business. Motor vehicles and vehicles drawn by teams are con-

stantly being loaded and unloaded in front of the mill buildings in the way in question, and the public use of the way has always been subordinate to this use.

The city has by repeated acts recognized respondents' ownership of the property, some of the acts occurring within recent years. On July 3, 1893, an effort was made by the board of public works to procure a right of way across the property from its owners, the board reporting in September of the same year that it was unable to do so. On April 28, 1908, it passed an ordinance directing the corporation counsel to condemn the land for a public way. This ordinance was only repealed some three days before the conclusion of the trial of the present action, and was made to take effect immediately under an "urgency and emergency" section of the repealing ordinance.

In the foregoing outline of the evidence, many circumstances thought material by the parties have not been mentioned, yet we feel that it is needless to further pursue the inquiry. The law relating to the establishment of highways by user is well settled. The use must be an actual continuous use by the general public, under a claim of right, adverse to the true owner, for the statutory period. A permissive use of a way, no matter how long continued, does not ripen into a public right. It is our opinion that the use made of the property does not comply with the requirements of the rule. It has lacked the essential elements of use under a claim of right, and of use adverse to the owners of the property. The judgment is affirmed.

MORRIS, C. J., MOUNT, CHADWICK, and ELLIS, JJ., concur.